# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KEVIN DAVID McGOVERN, and CMG CONSTRUCTION, INC., <br><br> Defendants. | CR-16-80-GF-BMM <br><br><br> **ORDER** |

The parties represent that they have entered into a global resolution which resolves three cases: (1) *United States v. Kevin McGovern et al.*, CR-16-22-GF-BMM; (2) *United States v. Kevin McGovern et al.*, CR-16-44-GF-BMM; and, (3) *United States v. Kevin McGovern et al.*, CR-16-80-GF-BMM. (Doc. 39 at 1-2.) Defendants have requested, *ex parte*, that the Court file the plea agreements under seal. (Doc. 37 at 2.) Defendants argue that publication of the agreements would have a "negative consequence" on a currently pending sale of CMG Construction, Inc. and related entities. *Id.* Specifically, Defendants argue that publication of the plea agreements could result in the loss of employment of 150 CMG employees.

1

*Id.* Defendants represent to the Court, however, that they have "fully revealed" the pending change of plea to the prospective CMG buyer. *Id.*

The United States opposes the motion to file the plea agreement under seal. (Doc. 39 at 2.) The United States argues that sealing the agreements would violate the First Amendment and Crime Victim Rights Act. Absent a compelling interest, the public and the press must have access to court proceedings and documents under the First Amendment. *Oregonian Publishing Co. v. United States Dist. Ct.*, 920 F.2d 1462, 1465 (9th Cir. 1990). Compelling interest can only be shown "based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* Courts have said public access is crucial because "criminal process must satisfy the appearance of justice . . . and the appearance of justice can best be provided by allowing people to observe it." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 571-572 (1980).

Additionally, the Crime Victim Rights Act requires that a court "shall ensure" a victim has the "right not to be excluded" from any public court proceedings. 18 U.S.C. § 3771(a)(2)-(3), (b). A victim includes a "person directly and proximately harmed as a result of the commission of a Federal offense . . . ." 18 U.S.C. § 3771(e)(2)(a).

Given Defendants' representation to the Court that the prospective buyer of CMG is already aware of the pending change of plea, no compelling reason to seal

the plea agreements exists. The plea agreements should be fully disclosed to the victims.

Accordingly, IT IS ORDERED that Defendants' motion to file the plea agreements under seal (Doc. 37) is DENIED. The Clerk shall unseal the plea agreements and Documents 37 and 39 as of this order.

DATED this 22nd day of February, 2017.

*Brian Morris*
Brian Morris
United States District Court Judge